ROBERT E. WHITE (CSB #78567)
**LAW OFFICES OF ROBERT E. WHITE**
177 Post Street, Suite 550
San Francisco, CA 94108
Telephone: (415) 788-6151
Facsimile: (415) 788-6154
e-mail: rew@rwhitesf.com

Special Counsel for Trustee
and Plaintiff PAUL J. MANSDORF

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 15-40463 CN 7 |
| H. TIM HOFFMAN, | Adv. P. No. 15-04111 |
| Debtor. | Chapter 7 |
| PAUL J. MANSDORF, Trustee in Bankruptcy of the Estate of H. TIM HOFFMAN, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| Plaintiff, | Hearing Date: January 4, 2015<br>Hearing Time: 11:00 a.m.<br>Courtroom: 215 |
| vs. | |
| RANDALL CRANE, individually and doing business as THE LAW OFFICES OF RANDALL CRANE, | |
| Defendant. | |

INTRODUCTION

The motion of defendant Randall Crane ("Crane") to dismiss the complaint proceeds on two fallacies, one small, one quite large.

The small fallacy is that this action is pending in a California state court and is therefore subject to state court Code pleading requirements. We are in federal court. Crane has ample notice of the misconduct alleged and the consequences alleged to flow from it; the requirements of Fed. R. Civ. P. 8(A)(2) for "a short and plain statement of the claim showing that

the pleader is entitled to relief . . ." have been satisfied. Considering that Crane has already admitted under penalty of perjury that the prior Chapter 11 case was dismissed entirely due to his negligence, this appears to be a ceremonial issue at best. But if this Court concludes otherwise, plaintiff is, of course, prepared to amend. But then there is the big fallacy.

The big fallacy is that Crane's motion ignores his and his client's obligations as counsel for the debtor-in-possession and the debtor-in-possession in the prior Chapter 11 case to preserve the property of the estate and <u>their</u> respective duty to act to protect the estate's creditors. Thus Crane's admitted negligence, by causing the loss of preference avoidance relative to creditor City National Bank ("CNB"), has damaged the estate and in particular the unsecured creditors, who would otherwise have received greater distributions than they will now receive as a result of CNB's lien seasoning.

## I. STATEMENT OF FACTS[1]

On Thursday, July 24, 2014, the debtor, H. Tim Hoffman, represented by defendant, attorney Randall Crane, filed a Chapter 11 petition in this Court, No. 14-43085 [the "Dismissed Chapter 11 Case"] (dkt 1). The filing occurred just 87 days after the Alameda County Superior Court issued a Right to Attach Order & Order For Issuance of Writ of Attachment ("RTAO") in favor of creditor City National Bank ["CNB"] against Hoffman in Alameda County Superior Court Case No. RG14717501, in the sum of $1,528,847.71. Among the identified assets of the debtor referenced in the Right to Attach Order were the debtor's real estate holdings. Filing of the Chapter 11 Petition had the potential effect, among other matters, of rendering any involuntary transfers, including those arising from state court prejudgment writs of attachment, avoidable as preferences (see 11 U.S.C. §§ 546, 547, 550).

On July 28, 2014, this Court issued a Notice of Status Conference And Notice of Deficiency/Order to File Required Documents [the "Chapter 11 Deficiency Order"] (dkt 6). The incomplete filings were ordered to be remedied by August 11, 2014.

---

[1] The Statement of Facts is supported by the accompanying Declaration of Robert E. White In Opposition To Defendant's Motion to Dismiss ["White Declaration"]. Attached to the White Declaration are copies of the docket sheet and selected filings in the Dismissed Chapter 11 Case, supportive of plaintiff's claim, in addition to other relevant court documents. Judicial notice is requested pursuant to Fed. R. Evid. 201.

On August 8, 2014, the debtor filed his schedules (dkt 10). The schedules listed, among other assets, real estate in the debtor's family trust with an estimated value exceeding $2 million over and above secured claims.

On August 12, 2014, the Clerk of this Court issued an Order & Notice Re: Failure to Pay Amendment Filing Fees (dkt 14). The order gave the debtor until August 26, 2014, to comply.

On August 13 this Court dismissed the Chapter 11 case for failure to comply with the Chapter 11 Deficiency Order (dkt 15). An amended Order of Dismissal was filed on August 18, 2014 (entered on August 20) (dkt 19).

On August 27, 2014, the debtor, represented by defendant Crane, filed an Ex Parte Motion For Order Setting Aside Orders Dismissing Chapter 11 And Closing Case, And For Re-Imposition Of Automatic Stay (dkt 21), along with a Memorandum of Points & Authorities (dkt 23) and supporting declaration by Mr. Crane under penalty of perjury (dkt 24). The motion, made pursuant to Fed. R. Civ. P. 60(b), asked for relief from the dismissal and reinstatement of the automatic stay.

In his declaration in support of the ex parte motion (dkt 24), Mr. Crane, under penalty of perjury, writes:

> Declarant sincerely regrets and apologizes for errors on his part and for the inconvenience to the court. <u>All errors committed were solely and entirely the fault of Declarant</u> and were in no way the fault of Debtor . . . (emphasis supplied)

Declaration of Randall Crane In Support Of Ex Parte Motion For Order Setting Aside Order Dismissing Chapter 11 ¶ 8.

CNB opposed the motion (dkt 26 and 27).

The ex parte motion was on the Court's September 3, 2014, calendar, but was dropped because there were no appearances (dkt. 28 and embedded audio file). The docket reflects that no further steps were taken by defendant Crane to bring the matter before the Bankruptcy Court, and it is beyond dispute that the dismissal is final.

The present Chapter 7 bankruptcy (Case No. 15-40463) was filed on February 13,

2015, long after the preference period as to CNB's RTAO[2] had run. The debtor's schedules now reflect real estate with no equity for unsecured creditors,[3] who have over $1 million in unsecured claims.

On June 25, 2015, this Court granted the Trustee's motion to approve a carveout in connection with the sale of certain of the Debtor's property (dkt 87). As set forth in the Declaration of the Trustee in support of the motion (dkt 78), the carveout pertains to the sale of the Debtor's property at 7795 Cedar Mountain Road, Livermore, CA. Under the terms of the stipulation attached to the Trustee's Declaration, as a result of CNB's now seasoned judicial lien, the Trustee is splitting with CNB the first $280,000 in net sales proceeds following payment of administrative costs, a senior lien and the debtor's homestead exemption. Net proceeds beyond that amount will go to CNB, not to the estate. Thus, assuming a sale (as explained by the Trustee) of at least $3.6 million, the Estate will have lost at least $140,000 in sales proceeds that would otherwise be available to unsecured creditors as a result of Crane's negligence from this one property alone.

## II. THE COMPLAINT MEETS FEDERAL PLEADING REQUIREMENTS AND IS NOT SUBJECT TO CALIFORNIA CODE PLEADING RULES

In discussing the requisites for a complaint for legal malpractice under California law, defendant seems to overlook the different rules pertaining to a federal forum. Code/cause of action pleading is not required. The issue is whether Crane has been put on notice of the Trustee's claim as required by Fed. R. Civ. P. 8(A)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." As this Court (Morgan, J.) stated in Connolly v. Pillsbury Winthrop Shaw Pittman LLP (In re SONICblue Inc.), 2008 Bankr. LEXIS 4440 (Bankr., N.D. Calif. 2008):

> [Defendant law firm] misapprehends the function of pleadings in federal practice. As the Ninth Circuit has recognized, notice pleading only requires a plaintiff to allege *claims for relief*, not causes of action, statutes or legal theories. . . Notice pleading

---

[2] The RTAO was reduced to a judgment on May 26, 2015.

[3] See Amended Schedule A (Real Property) at 3 (filed Apr. 10, 2015).

anticipates that subsequent proceedings will refine the disputed facts and issues, including the legal theories.

Id. at *23-*24, citing Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (emphasis in original).

Attempting to reconcile the somewhat inconsistent standards enunciated by the Supreme Court since Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Ninth Circuit has enunciated the following two-step test to guide courts in evaluating complaints in the face of motions to dismiss:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. . .
>
> In all cases, evaluating a complaint's plausibility is a "context-specific" endeavor that requires courts to "draw on . . . judicial experience and common sense."

Levitt v. Yelp! Inc., 765 F.2d 1123, 1135 (2014), quoting Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014) (additional citations and internal quotation marks omitted).[4] Measured appropriately, Crane cannot possibly have an objection regarding specificity – the complaint tells him exactly what the Trustee contends he did that caused harm. To the extent that his argument is that the facts as alleged state no cognizable claim, he is dead wrong.

### III. THE TRUSTEE SUCCEEDS TO THE DEBTOR/DEBTOR-IN-POSSESSION'S MALPRACTICE CLAIMS, INCLUDING THE INSTANT CLAIM AGAINST CRANE

Consistent with the general proposition that the bankruptcy estate consists of all "legal or equitable interests . . . in property as of the commencement of the case" (11 U.S.C. § 541(a)), a prepetition legal malpractice claim belongs to the estate. Yaquinto v. Segerstrom (In re Segerstrom), 247 F.3d 218, 223-24 (5th Cir. 2001); Baum v. Duckor, 72 Cal. App. 4th 54, 68, 84 Cal. Rptr. 2d 703 (1999); Collier on Bankruptcy ¶ 6009.01 n.5 citing Helbling v. Josselson (In re

---

[4] As noted in Levitt, supra, at 1135, Eclectic Properties relied on Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002) and Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam) in arriving at a means of resolving the "tension among the [Supreme] Court's pleading-standards cases . . ."

Case: 15-04111    Doc# 11    Filed: 12/21/15    Entered: 12/21/15 13:55:15    Page 5 of 8

Almasri), 378 B.R. 550, 555 (Bankr. N.D. Ohio 2007). Thus if there is a claim to assert against Crane (as we next show), there can be no doubt that the Trustee is the correct party to assert it.

IV. CRANE'S DUTIES AS COUNSEL TO THE DEBTOR AND THE DEBTOR-IN-POSSESSION IN THE PRIOR CHAPTER 11 CASE INCLUDED PROTECTING BOTH THE ESTATE AND THE INTEREST OF UNSECURED CREDITORS -- INSTEAD, HIS ACTIONS DAMAGED THEM

Crane is simply wrong as a matter of law when he contends that his sole duty was to the Chapter 11 debtor individually.

> Counsel for the estate must keep firmly in mind that his client is the estate and not the debtor individually. Counsel has an independent responsibility to determine whether a proposed course of action is likely to benefit the estate or will merely cause delay or produce some other procedural advantage to the debtor. . . Under no circumstances, however, may the lawyer for a bankruptcy estate pursue a course of action, unless he has determined in good faith and as an exercise of his professional judgment that the course complies with the Bankruptcy Code and serves the best interests of the estate.

Everett v. Perez (In re Perez), 30 F.3d 1209, 1219 (1994).

In so concluding, the Ninth Circuit in Everett was simply reflecting the view of the great majority of courts that counsel for the Chapter 11 debtor-in-possession has duties to creditors and the estate as a whole in addition to his or her individual client. As the court concluded in In re Count Liberty, LLC, 370 B.R. 259 (Bankr., C.D. Calif. 2007):

> According to the majority of courts addressing this issue, an attorney for a debtor in possession is a fiduciary of the bankruptcy estate. *See, e.g., Brown v. Gerdes, 321 U.S. 178, 182, 64 S. Ct. 487, 88 L. Ed. 659 (1944)* ("In all cases persons who seek compensation for services or reimbursement for expenses are held to fiduciary standards."); *In re Taxman Clothing Co., 49 F.3d 310, 314 (7th Cir. 1995)* ("A lawyer hired by a trustee in bankruptcy to do legal work for the estate, like the trustee himself, is a fiduciary of the estate."); *Continental Ill. Nat'l Bank & Trust Co. of Chi, v. Charles N. Wooten, Ltd. (In re Evangeline Ref. Co.), 890 F.2d 1312, 1323 (5th Cir. 1989)* (stating that "trustees and attorneys for trustees are held to high fiduciary standards of conduct"); *Pierson & Gaylen v. Creel & Atwood (In re Consol, Bancshares, Inc.), 785 F.2d 1249, 1256 n.7 (5th Cir. 1986)* (observing that "court-appointed attorneys are officers of the court and fiduciaries"); *In re Delta Petroleum (P.R.), Ltd., 193 B.R. 99, 111 (D. Puerto Rico 1996)* (opining that "a trustee's counsel owes a higher fiduciary duty to the estate than to the trustee"); *Zeisler & Zeisler, P.C. v. Prudential Ins. Co. of Am. (In re JLM, Inc.), 210 B.R. 19, 25 (2d Cir. BAP 1997)* (determining that "[b]oth management and its counsel have fiduciary duties to an estate in bankruptcy"); *In re Sky*

> *Valley, Inc.*, 135 B.R. 925, 939 (Bankr. N.D. Ga. 1992) (stating that counsel for "the debtor in possession is also a fiduciary to the estate"); *In re Doors and More, Inc.*, 126 B.R. 43, 45 (Bankr. E.D. Mich. 1991) (stating that the "attorney for the trustee or debtor in possession is also a fiduciary of the estate"); *In re Grabill Corp.*, 113 B.R. 966, 970 (Bankr. N.D. Ill. 1990) ("Counsel for a Chapter 11 debtor owes a fiduciary duty to the corporation or partnership as an entity, and represents its interests, not those of its principals."); *In re Consupak, Inc.*, 87 B.R. 529, 548 (Bankr. N.D. Ill. 1988) (observing that "the fiduciary duties of counsel for a bankruptcy trustee have been held to be 'equivalent' to those of the trustee"). . .

Id. at 279-80 (footnotes omitted)[5] See also In Re Thompson, 2012 Bankr. LEXIS 4414, *11; 2012 WL 4461650 (Bankr., C.D. Calif. 2012).

As the court concluded in In re Lewis Road, LLC, 2011 Bankr. LEXIS 4827 (Bankr., E.D. Va. 2011):

> Unlike counsel in non-bankruptcy proceedings which serves as an agent of a plaintiff or defendant, counsel for a debtor in possession is in its own right one of the multiple parties involved in a Chapter 11 case. See Zeisler & Zeisler, P.C. v. Prudential Ins. Co. of Am. (In re JLM, Inc.), 210 BR 19, 26 (2nd Cir. BAP 1997) (stating that "counsel for the debtor in possession has fiduciary obligations not ordinarily foisted upon the attorney-client relationship"), Everett v. Perez (In re Perez), 30 F.3d 1209, 1213 (9th Cir. 1994).

Id. at *35-*36.

Accordingly there can be no serious question but that the debtor-in-possession's counsel owed duties beyond Mr. Hoffman individually.

### V. CRANE'S NEGLIGENCE DAMAGED UNSECURED CREDITORS, WHOM THE DEBTOR-IN-POSSESSION HAD A DUTY TO PROTECT

"A debtor-in-possession has the duty to protect and conserve property in his possession for the benefit of creditors." In re Devers, 759 F.2d 751, 754 (9th Cir. 1985). A Chapter 11 debtor-in-possession is a fiduciary of the creditors and the estate. In re Schipper, 109 B.R. 832 (Bankr., N.D. Ill. 1989), aff'd, 112 B.R. 917 (N.D. Ill. 1990), aff'd, 933 F.2d 513 (7th Cir. 1991). As such "a debtor-in-possession holds its powers in trust for the benefit of the creditors and has the duty to protect and conserve property in his possession for their benefit." Id.

---
[5] The court noted as against the weight of authority and distinguished two contrary cases. Id. at 280-81 and notes 55 and 56 (St. Angelo v. Sidco, Inc. (In re Sidco, Inc.), 173 B.R. 194 (E.D. Cal. 1994) and Hansen, Jones & Leta, P.C. v. Segal, 220 B.R. 434 (D. Utah 1998).

at 835 citing In re Modern Office Supply, Inc., 28 B.R. 943 (Bankr. W.D. Okla. 1983) and In Devers, supra. The debtor-in-possession cannot treat one creditor better than the others by allowing an involuntary lien to become seasoned, because to do so would be contrary to one of the two key purposes of the bankruptcy statutes, which is "to secure the equitable distribution of the bankrupt's estate among his creditors." In re Devers, supra, 759 F.2d at 754 (citations omitted).

### VI. UNSECURED CREDITORS AND THE ESTATE WERE DAMAGED BY THE SEASONING OF THE CNB ATTACHMENT LIEN

Comparing the Debtor's schedules in the Chapter 11 case with the Chapter 7 case, and in light of this Court's approval of the carveout stipulation with CNB, there is no question but that the estate was damaged by Crane's negligence. The only question is how much. But that is not something that is, or should be, resolved at the pleading stage.

### CONCLUSION

Counsel for a Chapter 11 debtor-in-possession cannot bungle his job and then walk away from the consequences by blithely stating that there was "no harm/no foul" when his professional negligence enabled a secured creditor to season its judicial lien to the detriment of unsecured creditors and the estate. His duties extended beyond simply representing the debtor in his individual capacity -- he had duties to the estate and to unsecured creditors, and he hurt them financially by his negligence. The motion to dismiss should therefore be denied. Alternatively, if further pleading is desired to flesh out the claim, Trustee requests leave of Court to do so.

Dated: December 21, 2015.

Respectfully submitted,

LAW OFFICES OF ROBERT E. WHITE

By: /s/ Robert E. White
ROBERT E. WHITE

Special Counsel for plaintiff Paul Mansdorf, Trustee in Bankruptcy of the Estate of H. Tim Hoffman


Mansdorf, Trustee, v. Crane, etc. -8- PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
Case: 15-04111   Doc# 11   Filed: 12/21/15   Entered: 12/21/15 13:55:15   Page 8 of 9
