Wayne A. Silver (SBN 108135)
Email: ws@waynesilverlaw.com
Kevin J. Leblanc (SBN 273580)
Email: kl@waynesilverlaw.com
LAW OFFICE OF WAYNE A. SILVER
333 West El Camino Real, Suite 310
Sunnyvale, California 94087
Tel. (408) 720-7007
Fax: (408) 720-7001

Attorneys for Defendant,
RANDALL CRANE

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>H. TIM HOFFMAN,<br><br>Debtor. | Case No. 15-40463-CN<br>Chapter 7 |
| PAUL J. MANSDORF, Trustee in Bankruptcy of the Estate of H. TIM HOFFMAN,<br><br>Plaintiff,<br>v.<br><br>RANDALL CRANE, individually and doing business as THE LAW OFFICES OF RANDALL CRANE,<br><br>Defendants. | Adv. Pro. No. 15-04111<br><br>Date: January 4, 2016<br>Time: 11:00 a.m.<br>Courtroom: 215 |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Reserving all rights and remedies, Defendant RANDALL CRANE, individually and doing business as THE LAW OFFICES OF RANDALL CRANE ("Crane"), submits this Reply Memorandum of Points and Authorities in further support of his Federal Rule of Civil Procedure ("FRCP") 12(b)(6)[1] motion to dismiss the Complaint for Legal Malpractice and to Forfeit/Recoup Compensation ("Complaint") filed by Plaintiff PAUL J. MANSDORF, Trustee in Bankruptcy of the Estate of H. TIM HOFFMAN ("Trustee") in the above-captioned Adversary Proceeding No. 15-04111.

### 1. Liberal Standards of Notice Pleading Do not Excuse the Requirement of Pleading Facts to Support Each Element of a Claim for Relief

The Trustee cites Judge Morgan's decision in *Connolly v. Pillsbury Winthrop Shaw Pittman LLP (In re SONICblue Inc.)*, 2008 Bankr. LEXIS 4440, *22-24 (Bankr. N.D. 2008) for the generalization that … [N]otice pleading only requires a plaintiff to allege claims for relief, not causes of action, statutes or legal theories. (citing *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008)." Id., at 22-24. And while that is a true statement, Judge Morgan was dealing with a claim that Pillsbury Winthrop Shaw Pittman LLP ("PWSP") willfully and consciously concealed a wide variety of connections and conflicts that should have been disclosed pursuant to Bankruptcy Rule 2014. PWSP moved to dismiss that claim for relief on the ground there was no private right of action for damages resulting from the failure to make required Rule 2014 disclosures. In denying PWSP's motion, the bankruptcy court found while the complaint was couched in terms of "damages," the first claim for relief in fact sought sanctions for bad faith conduct based on PWSP's deliberate effort to advance its own economic interest in representing SONICblue by willfully concealing the firm's conflicts of interest.

In contrast, the Trustee has sued Crane for legal malpractice, a claim arising under California law. And while a complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss (*Alvarez v. Hill*, Id., at, 1157-1158), it must allege each of the required elements of the claim. (See generally, *Miller v. Ceres Unified Sch. Dist.*, 2015 U.S. Dist. LEXIS 146451 (E.D. Cal. 2015); *Hughey v. Drummond*, 2015 U.S. Dist. LEXIS 92708 (E.D. Cal.

---

[1] Made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012.

2015); *Avnieli v. Residential Credit Solutions, Inc.*, 2015 U.S. Dist. LEXIS 138683, *18-19 (C.D. Cal. 2015))

In the context of a claim for legal malpractice arising from a civil proceeding, to survive a motion to dismiss the complaint must allege: "(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." (citations omitted) *Leskinen v. Halsey*, 2011 U.S. Dist. LEXIS 27487, *11 (E.D. Cal. 2011) The Complaint fails to allege either a proximate causal connection between the breach of a legal duty and the resulting injury, or actual damages arising from Crane's alleged negligence.

**2. Crane's Alleged Negligence in Causing the Chapter 11 Case to Be Dismissed Did Not Cause Any Damages to the Debtor or the Chapter 11 Estate, and Crane Owed No Legal Duty to the Individual Unsecured Creditors**

The Trustee argues Crane's negligence caused the Chapter 11 estate to lose certain avoidance rights whereby City National Bank ("CNB") was able to maintain its secured status due to a right to attach order, and that as a result the unsecured creditors will get a smaller distribution. (Opposition Brief, p.2:8 – 11). Crane contends that result did not cause any damages to anyone to whom he owed a legal duty of care.

With respect to the Debtor, the Trustee does not argue that Crane's alleged negligence caused any damage. The loss of the avoidance actions and CNB's resulting secured status is not alleged to have damaged the Debtor. The Debtor did not suffer any actual damages proximately caused by the dismissal of the Chapter 11 case.

Regarding the Chapter 11 estate, Crane's alleged negligence reallocated the Debtor's non-exempt assets among the secured and unsecured creditors. It did not cause the Chapter 11 estate any damages. The Trustee doesn't like the "no harm, no foul" defense. But legal malpractice claims require *both* actual damages and a causal connection between the negligent act and those damages. "[M]ere breach of a professional duty, causing only nominal damages" does not suffice. *Budd v. Nixen* (1971) 6 Cal. 3d 195, *Wolfstein v. Morgan, Lewis & Bockius LLP* (2015) 2015 U.S. Dist. LEXIS 143927 (C.D. Cal.) The Chapter 11 estate did not suffer any actual damages proximately caused by the

Case: 15-04111    Doc# 14    Filed: 12/26/15    Entered: 12/26/15 10:18:57    Page 3 of 5

dismissal of the Chapter 11 case.

And finally, as to the unsecured creditors, while an attorney for a debtor in possession is a fiduciary of the bankruptcy estate, those fiduciary duties to the estate do not extend to any particular creditor in a chapter 11 case. *In re Count Liberty, LLC*, 370 B.R. 259, 262 (Bankr. C.D. Cal. 2007) An individual creditor cannot therefore sue the chapter 11 debtor's attorney for legal malpractice because there is no professional duty of care owed. The Trustee cites no case law to the contrary. To the extent the Complaint alleges otherwise (Complaint, p.3:1 – 3) it is wrong as a matter of law.

### 3. The Complaint Fails to Allege Any Facts to Support a Preference Case against CNB or a Successful Chapter 11 Case

The Trustee's Opposition does not address Crane's contention the Trustee must plead and prove there would have been a successful outcome in both the preference case against CNB and the Chapter 11 to prevail on the legal malpractice claim, because the method for proving the element of causation has been likened to a "trial within a trial" or a "case within a case." (See, *Viner v. Sweet* (2003) 30 Cal.4th 1232, 1240, fn. 4; *Ambriz v. Kelegian* (2007) 146 Cal. App. 4th 1519) It is not enough to throw in conclusory allegations there was a loss of avoidance actions, or the Chapter 11 was dismissed and *ipso facto* there were damages. The Complaint fails to allege any facts to show the avoidance actions could have been successfully prosecuted and/or the Chapter 11 case would resulted in a confirmed plan.

### 4. Conclusion

Reallocation of assets between secured and unsecured creditors damaged neither the Debtor nor the Chapter 11 estate, and Crane owed no legal duty of care to the unsecured creditors. The Trustee is not entitled to "new money" as a result of Crane's alleged negligence, because no money was lost by anyone to whom Crane owed a legal duty of care.

Although a court should freely give leave to amend a complaint that has been dismissed. FRCP 15(a), a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); see *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), cited in *Avnieli v. Residential Credit Solutions, Inc.*, 2015 U.S. Dist. LEXIS

138683 (C.D. Cal. 2015) Such is the case here. The First Claim for Relief for legal malpractice should be dismissed without leave to amend.

Date: December 26, 2015 /s/ Wayne A. Silver
Wayne A. Silver, attorney for Defendant
RANDALL CRANE